**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **(1) JAYNE REGISTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIV-15-598-C |
| vs. ) | |
| ) | **VERIFIED COMPLAINT** |
| **(1) WEST ASSET MANAGEMENT, INC.,** ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| **Defendant.** ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S VERIFIED COMPLAINT**

NOW COMES Plaintiff, Jayne Register, and for the Verified Complaint against Defendant, West Asset Management, Inc., alleges as follows:

**INTRODUCTION**

1. Plaintiff states a claim against West Asset Management, Inc. for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

VERIFIED COMPLAINT                                                       1

      Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

  (d) **Interstate commerce**

      Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

  (e) **Purposes**

      It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Midwest City, County of Oklahoma, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C.

1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Marietta, Georgia.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. In August, 2014, Defendant began sending letters and placing collections calls to Plaintiff seeking and demanding payment for a student loan debt.

12. Sometime in August 2014, Defendant's employee, "Amanda," called Plaintiff at her place of employment. After Plaintiff received repeated calls at work from "Amanda," Plaintiff advised "Amanda" that she could not accept such calls at work, requested that Defendant not call her there, and hung up.

13. "Amanda" immediately called back and asked to speak to Plaintiff's manager. When Plaintiff's manager spoke with her, Amanda requested that Plaintiff's manager confirm some information regarding Plaintiff. When Plaintiff's manager requested "Amanda's" name and phone number so that someone in the corporate office of Plaintiff's employer could call her back, "Amanda" refused to provide this information and instead told Plaintiff's manager that she would just call back.

14. On August 24, 2014, Defendant wrote to Plaintiff regarding account number x2755 and stated that this account had a balance of $14,123.97. See Exhibit 1.

15. On September 9, 2014, the U.S. Department of Education wrote to Plaintiff regarding account number x2755 and stated that the account carried a balance of $14,210.66. See Exhibit 2.

16. However, on September 17, 2014, Defendant wrote to Plaintiff regarding the same account number (x2755) and stated that this account balance now more than doubled to $38,964.50! See Exhibit 3. On September 24, 2014, wrote to Plaintiff again and stated that her account balance was $39,000.66 for this account. See Exhibit 4.

17. On October 16, 2014, counsel for Plaintiff sent a facsimile message, since confirmed to have been received by Defendant, notifying Defendant of representation of the Plaintiff regarding the account with its office.

18. However, despite having received notice that Plaintiff was represented by legal counsel, Defendant continued to call Plaintiff up to 3 times per day. After Plaintiff received an additional 14 calls from Defendant, on November 6, 2014, counsel for Plaintiff sent a second facsimile message, since confirmed received by Defendant, again notifying Defendant of representation of the Plaintiff regarding the account with its office.

19. However, Defendant continued to call Plaintiff several more times after receiving this second notice of representation, including another call placed to Plaintiff's work telephone number on November 7, 2015.

20. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### COUNT I
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

21.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

a)      Defendant violated §1692c(a)(3) of the FDCPA by placing calls to Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving such communications.

b)      Defendant violated §1692b(1) of the FDCPA by refusing to provide Defendant's employee's name or employer when requesting that Plaintiff's manager confirm information regarding Plaintiff.

c)      Defendant violated §1692b(1) and §1692c(a)(2) of the FDCPA by continuing to call Plaintiff after Defendant knew Plaintiff was represented by an attorney with regard to the account it sought to collect and had knowledge of such attorney's name and address;

d)      Defendant violated §1692d of the FDCPA by engaging in conduct natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

e)      Defendant violated §1692e of the FDCPA by sending letters to Plaintiff with the same account number, but varying amounts, and amounts that varied wildly from what Plaintiff received from the original creditor regarding the debt Defendant sought to collect, which confused Plaintiff and would be confusing to the least sophisticated consumer; and

f)      Defendant violated §1692e of the FDCPA by §1692e(2)(A) of the FDCPA by falsely representing the amount of the alleged debt in letters sent to Plaintiff;

**WHEREFORE**, Plaintiff, Jayne Register, respectfully prays that judgment be entered against Defendant, West Asset Management, Inc., for the following:

a)      Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

      b)      Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

      c)      Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

and

      d)      Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

PARAMOUNTLAW
CONSUMER PROTECTION FIRM

4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OKLAHOMA            )
                             ) ss.
COUNTY OF OKLAHOMA           )

Plaintiff, Jayne Register, states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Jayne Register, hereby declare, certify, verify and state under penalty of perjury that the foregoing is true and correct.

28 MAY 15
Date

Jayne Register,
Plaintiff